HOCKING TECHNICAL COLLEGE, Appellant,

v.

STATE EMPLOYMENT RELATIONS BOARD et al., Appellees.

[Cite as *Hocking Technical College v. State Emp.*
*Relations Bd.* (1990), 70 Ohio App.3d 18.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–538.

Decided Oct. 23, 1990.

*Arter & Hadden, Dennis D. Grant* and *Gary S. Batke,* for appellant.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *Vincent T. Lombardo,* for appellee State Employment Relations Bd.

*Cloppert, Portman, Sauter, Latanick & Foley, Robert W. Sauter* and *Susan Hayest Kozlowski,* for intervenor Hocking Technical College Edn. Assn., OEA/NEA.

BOWMAN, Judge.

On April 16, 1986, the Hocking Technical College Education Association ("Association") filed a petition for representation election with appellee, the State Employment Relations Board ("SERB"), seeking an election to determine whether a majority of the professional employees at appellant, Hocking Technical College ("College"), wanted the Association to represent them for purposes of collective bargaining. Several meetings were held between the Association's attorney and R.W. Smith, a representative of a labor relations consulting firm who had entered an appearance on behalf of the College. As a result of the meetings, the Association and the College entered into a Consent Election Agreement which provided for a SERB-conducted election to be held on October 16, 1986. In addition, the parties agreed to a voter eligibility date of September 12, 1986.

On October 2, 1986, SERB, in a Direction of Election, approved the parties' consent agreement and directed that the election be held on October 16, 1986. In addition, SERB ordered the College to serve an election eligibility list on the Association and to file it with SERB by October 9, 1986, which the College did on October 8, 1986. On October 10, 1986, the Association objected to the eligibility list and contended that certain employees should not be on the list. The record does not indicate what disposition, if any, was made of the objections.

The election was held on October 16, 1986, and one hundred twenty-three votes were cast. Twenty-five of those one hundred twenty-three votes were challenged based on the individual's eligibility to vote in the election. Of the twenty-five ballots challenged, twenty-two of them were cast by College employees whose name did not appear on the election eligibility list. The election resulted in fifty-two votes being cast for Association representation, while forty-six votes were cast for the no-representative choice. The twenty-five challenged votes were not opened and, therefore, were not counted. The SERB representative concluded that the challenged ballots were sufficient to affect the results of the election and, as a result, neither party could be deemed to have prevailed. Because the number of challenged ballots could affect the outcome of the election, the parties submitted affidavits and evidence in support of their challenges to SERB.

The Association filed its affidavit on October 27, 1986, and stated that twenty-two of the twenty-five challenged employees were not on the eligibility list. On November 3, 1986, the College filed its affidavit and contended that the challenged ballots of six employees should be opened and counted, although only two of the names appeared on the College's eligibility list. The College also claimed that its failure to include two other people on the eligibility list was an oversight.

On December 11, 1986, the College's newly appointed counsel filed a motion for leave to supplement the College's prior affidavit. The Association filed its response to the motion and, on December 31, 1986, the College tendered its supplemental affidavit regarding the challenged ballots for filing. In its supplemental affidavit, the College argued that ten challenged ballots should be opened and counted, although eight of the ten names did not appear on the election eligibility list. The College alleged that these eight challenged ballots were cast by employees who, although otherwise eligible, had been inadvertently omitted from the pre-election eligibility list. The College further contended that, despite being inadvertently omitted, these eight employees clearly expressed a desire to be included in the unit and also shared a community of interest with the College's other professional employees.

On May 15, 1987, SERB issued its Certification of Election Results and of Exclusive Representative certifying the Association as the exclusive bargaining representative of the professional unit wherein it determined that twenty-two challenged ballots were cast by ineligible voters and should not be counted and that the remaining three challenged ballots were not sufficient in number to affect the results of the election. Accordingly, SERB determined that the Association received a majority of the votes cast and it was certified as the exclusive representative of all employees in the unit. In addition,

SERB determined that the College's motion for leave to file its supplemental affidavit regarding the challenged ballots was moot.

On June 24, 1988, the College appealed SERB's decision to the Franklin County Court of Common Pleas contending that ten of the employees SERB ruled as ineligible to vote were, in fact, eligible and that SERB erred in not opening and counting their ballots. On March 17, 1989, the trial court rendered its decision finding that SERB's order was supported by reliable, probative and substantial evidence and was in accordance with law. The College asserts the following assignments of error:

"Assignment of Error No. 1:

"The lower court erred by not reversing SERB's order for failing to conduct a proper investigation into the eligibility of voters whose ballots were challenged.

"Assignment of Error No. 2:

"The lower court erred by not reversing SERB's order for failing to state upon what, if any, evidence it relied in reaching its decision.

"Assignment of Error No. 3:

"The lower court erred by not reversing SERB's order for failing to follow its own binding precedent.

"Assignment of Error No. 4:

"The lower court erred in finding that SERB's order was supported by reliable, probative and substantial evidence.

"Assignment of Error No. 5:

"The lower court abused its discretion by refusing appellant's request for oral hearing pursuant to R.C. § 119.12."

The College's first and fourth assignments of error are related and will be considered together. In these assignments of error, the College asserts that the trial court erred in not reversing SERB's order for its failure to conduct a proper investigation into the eligibility of voters whose ballots were challenged and, as a result, the trial court abused its discretion in finding that SERB's order was supported by reliable, probative and substantial evidence.

In reviewing a determination of a court of common pleas on an appeal from SERB, an appellate court may reverse only upon a showing that the trial court abused its discretion. *Angelkovski v. Buckeye Potato Chips Co.* (1983), 11 Ohio App.3d 159, 11 OBR 242, 463 N.E.2d 1280. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Beacon Journal Pub. Co. v. Stow* (1986), 25 Ohio St.3d 347, 25 OBR 399, 496 N.E.2d 908.

The College asserts that SERB failed to properly investigate the parties' ballot challenges because in its investigation, SERB did not consider the evidence which the College offered in its supplemental affidavit.

Ohio Adm.Code 4117–5–10(B), in effect at the time the election was held, provided:

"If post-election objections are filed or if challenged ballots are sufficient in number to affect the results of the election, *the board shall investigate* such objections or challenges. The board shall issue an order resolving relevant issues based upon the investigation; provided, however, that disputed issues of material fact may be determined upon an evidentiary hearing. The board may dismiss the post-election objections or challenges, order the counting of some or all of the challenged ballots, or, where warranted, set aside the previous election and order another election. * * * " (Emphasis added.)

Accordingly, SERB was required to investigate the challenges to the election, as well as the challenges to certain individual votes. SERB did investigate the challenges and considered the affidavits which were filed in support of the challenges and the objections; however, SERB did not consider the supplemental affidavit filed by the College and, in fact, determined that the College's supplemental affidavit, and its motion for leave to file it, was moot, but gave no reason for its conclusion.

This court finds that SERB erred because it did not conduct a proper investigation pursuant to its own rules. Although SERB was not required to hold an evidentiary hearing, SERB was required to investigate the objections and the challenges filed to the election, and it was required to issue an order resolving the issues based upon the investigation. Any investigation, once undertaken, must include consideration of all the available evidence. SERB's investigation was not sufficient and was not proper because it precluded the parties, in this case the College, from submitting all the credible evidence which could have aided SERB in its determination. Thus, SERB's determination was made without all of the salient information and evidence about the election before it and, as a result, SERB did not base its decision upon a complete investigation.

In addition, in a review of an order of an administrative agency, a trial court is required to examine all of the evidence to determine whether the agency's order is supported by reliable, probative and substantial evidence. See *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. This court finds that the trial court's determination that SERB's decision was supported by reliable, probative and substantial evidence was an abuse of discretion because, although the evidence before it may have been reliable and probative, the evidence was not substantial as it

was incomplete. Accordingly, the College's first and fourth assignments of error are well taken.

In its second assignment of error, the College asserts that the trial court erred in not reversing SERB's order because it failed to state the evidence it relied on in reaching its decision. The College asserts that SERB's determination that twenty-two of the challenged ballots were cast by ineligible voters was a conclusion without a reason.

In support of its argument, appellant cites *State, ex rel. Frigidaire Div., General Motors Corp., v. Indus. Comm.* (1988), 35 Ohio St.3d 105, 518 N.E.2d 1194, which holds that an order of the Industrial Commission must explain the reasoning behind its decision and must specifically state which particular evidence was relied upon in reaching the decision. In addition, appellant cites *State, ex rel. Mitchell, v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721, which also holds that the Industrial Commission must specifically state the evidence relied upon in reaching its conclusion and also must state a brief explanation of why the claimant is or is not entitled to the benefits requested. In *Mitchell,* the court also held that it will no longer search the commission's file for some evidence to support an order of the commission not otherwise specified as the basis for its decision.

Although SERB's order in this case gives a reason for its decision, it is a nebulous explanation at best. It would be beneficial if, in the future, SERB would give more detailed explanations, as well as specific reasons, for its decisions as *Mitchell* and *Frigidaire* require the Industrial Commission to do. This would not only aid the trial court in reviewing SERB's orders, but it would also aid this court in determining whether or not a trial court abused its discretion in its review of an order from SERB. However, this court finds that *Frigidaire* and *Mitchell* are not applicable to this case because they only apply to orders of the Industrial Commission. Given the disposition of the first and fourth assignments of error, which will require a remand to SERB to conduct a complete investigation, we presume SERB will issue a decision with an explanation for its conclusion. Accordingly, the College's second assignment of error is not well taken.

In its third assignment of error, the College asserts that the trial court erred in not reversing SERB's order because SERB failed to follow its own precedent. The College asserts that, because SERB determined that twenty-two challenged ballots were cast by ineligible voters and should not be counted, SERB, in fact, was penalizing the College for inadvertently and unknowingly omitting some of its employees who were eligible to vote from the pre-election eligibility list. The College asserts that SERB has previously held that, where an employer inadvertently omits a relatively small percentage of employees from the election eligibility list, the votes of the employees

should be counted despite the existence of challenges based upon the omission. See *Cuyahoga Bd. of Mental Retardation* (SERB 1984), 1 OPER paragraph 1255, 1461.

The College asserts that it inadvertently omitted the names of eight eligible employees from the election eligibility list, and this was an omission of less than seven percent of the eligible voters and the votes should be counted. Moreover, the College asserts there is neither evidence of bad faith on the part of the College nor evidence that the Association was prejudiced by such an omission.

Pursuant to Ohio Adm.Code 4117–5–10, all that SERB is required to do if objections are filed, or if challenged ballots are sufficient in number to affect the results of the election, is to investigate the objections or the challenges. There are no specific guidelines as to how this investigation is to be conducted, or what SERB is to rely upon in conducting the investigation. However, once the investigation is begun, it must be done completely, and it must be done correctly. This court cannot say that SERB erred in its investigation other than in its failure to include as evidence the College's supplemental affidavit. Accordingly, the College's third assignment of error is overruled.

■ In its fifth assignment of error, the College asserts that the trial court abused its discretion by refusing its request for an oral hearing pursuant to R.C. 119.12. The College asserts that it timely requested an oral hearing before the trial court and that the trial court refused its request for an oral hearing and issued its decision without allowing the College an opportunity for oral argument.

R.C. 119.12 provides:

"Any party adversely affected by any order of an agency * * * may appeal from the order of the agency to the court of common pleas * * *.

" * * *

"The court shall conduct a hearing on such appeal * * *. The hearing in the court of common pleas shall proceed as in the trial of a civil action, and the court shall determine the rights of the parties in accordance with the laws applicable to such action. At such hearing, counsel may be heard on oral argument, briefs may be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence."

Courts interpreting this portion of R.C. 119.12 have determined that an appellant before the trial court is entitled to a hearing, and that the hearing is mandatory. See *Geroc v. Ohio Veterinary Medical Bd.* (1987), 37 Ohio App.3d 192, 525 N.E.2d 501. In *Ohio Motor Vehicle Dealers Bd. v. Central Cadillac Co.* (1984), 14 Ohio St.3d 64, 67, 14 OBR 456, 459, 471 N.E.2d 488, 492, the Supreme Court stated:

"R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence. * * * *"

In this case, the College specifically requested an oral hearing before the trial court. Because the trial court was required to give the College a hearing pursuant to R.C. 119.12, the trial court erred when it did not hold such a hearing. However, in light of the fact that this court is remanding this case to SERB for a complete and proper investigation, the College has shown no prejudice by the trial court's failure to hold a hearing, and the College's fifth assignment of error is not well taken.

For the foregoing reasons, appellant's first and fourth assignments of error are sustained, while appellant's second, third and fifth assignments of error are overruled. The judgment of the trial court is reversed and this cause is remanded to the trial court with instructions to remand the matter to SERB with instructions to conduct a thorough investigation including the College's supplemental affidavit.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and JONES, JJ., concur.

FRED E. JONES, J., of the Twelfth Appellate District, sitting by assignment.