LAKE COUNTY BOARD OF MENTAL RETARDATION AND
DEVELOPMENTAL DISABILITIES, Appellant,

v.

STATE EMPLOYMENT RELATIONS BOARD et al., Appellees.

[Cite as *Lake Cty. Bd. of Mental Retardation & Dev. Disabilities
v. State Emp. Relations Bd.* (1993), 86 Ohio App.3d 300.]

Court of Appeals of Ohio,
Franklin County.

No. 92AP–1295.

Decided Feb. 11, 1993.

Robert J. Pietrykowski, for appellant.

Lee Fisher, Attorney General, and Vincent T. Lombardo, Assistant Attorney General, for appellee State Employment Relations Board.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald G. Macala and Anthony M. DioGuardi II, for appellees Professional Association for the Training of the Mentally Retarded and Deepwood Employees Association.

CLOSE, Judge.

Appellant, Lake County Board of Mental Retardation and Developmental Disabilities ("MRDD"), appeals the judgment of the Franklin County Court of Common Pleas affirming the directive of appellee, State Employment Relations Board ("SERB"), which certified a combined bargaining unit containing employees currently represented in the Professional Association for the Training of the Mentally Retarded ("PATMR") OEA/NEA and Deepwood Employees Association ("DEA") OEA/NEA bargaining units. PATMR and DEA, having intervened, are also appellees. Specifically, MRDD alleges that SERB violated its own rules and governing statute, R.C. Chapter 4117, in certifying this consolidated unit.

The parties have stipulated that PATMR and DEA are both "public employee organizations" and that MRDD is a "public employer" under R.C. 4117.01(D). It was further stipulated that PATMR is a "deemed-certified" bargaining unit, and DEA is a "SERB-certified" unit. Appellees, PATMR and DEA, jointly filed three petitions with SERB, all three sought consolidation of the separate bargaining units into one single unit to be represented by PATMR.

Upon determining that there was no specific mechanism for consolidation or "merger" of two bargaining units, SERB found the petition for representation election to be the most appropriate vehicle for consolidating the PATMR and DEA units. In its directive dated November 1, 1990, SERB ordered a self-determination election to ascertain whether a majority of the employees in each of the two bargaining units favored the establishment of a single bargaining unit. The employees voted in favor of the merger at the election conducted by SERB on September 5, 1991.

In its directive (at issue here) dated February 6, 1992, SERB denied MRDD's objections to the election, certified the election results, and certified the merged bargaining unit. The trial court affirmed the SERB directive approving the

merger of PATMR and DEA units. On appeal, appellant asserts the following assignment of error:

"The trial court erred in finding that SERB's order directing the merger election, certifying election results and certifying a merged DEA/PATMR bargaining unit was in accordance with law.

"A. Unilaterally altering the composition of the PATMR 'deemed certified' bargaining unit through a merger election is contrary to law.

"B. The rule of law of *In re Montgomery County Bd. of Ed.* is inapplicable to the facts of the DEA/PATMR merger.

"C. The trial court may not affirm a SERB directive in violation of statutory and regulatory mandates."

■ In reviewing a determination of the trial court on appeal from SERB, the appellate court may reverse only upon a showing that the trial court abused its discretion. *Hocking Tech. College v. State Emp. Relations Bd.* (1990), 70 Ohio App.3d 18, 590 N.E.2d 370, paragraph one of the syllabus. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. *Id.* The trial court, on the other hand, is required to examine all of the evidence to determine whether the agency's order is supported by reliable, probative and substantial evidence and that it is in accordance with law. *Id.*, paragraph four the syllabus; R.C. 119.12. For the reasons stated below, this court finds that the trial court's determination that SERB's directive was supported by reliable, probative and substantial evidence and was, in accordance of law, not an abuse of discretion.

■ MRDD claims that SERB's directive certifying the consolidation of the units upon the unilateral request of the employee organizations, which was outside the window period, violated R.C. 4117.07(C)(6), temporary law section 4(A) (Am.Sub.S.B. No. 133, Section 4[A], effective October 6, 1983, 140 Ohio Laws, Part I, 367), and Ohio Adm.Code 4117–5–01(F). Specifically, MRDD claims that the contract bar and limited window provisions in R.C. 4117.07(C)(6) prohibited PATMR and DEA from filing a petition for representation election during a valid collective bargaining agreement. The window of opportunity (an exception to the contract bar), allowed not earlier than one hundred twenty days and not later than ninety days before expiration of the agreement, was not available when the petition was filed. The petition was filed before the window period became available. MRDD also places much emphasis on PATMR's "deemed-certified" status and the restrictions on changing composition of units found in Am.Sub.S.B. No. 133, Section 4(A) (requiring a challenge by a rival union) and in Ohio Adm.Code 4117–5–01(F) (requiring mutual consent).

SERB's interpretation of R.C. Chapter 4117 and its rules and regulations promulgated thereunder must be afforded due deference. *Lorain City Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 533 N.E.2d 264. SERB found each of the above statutory and regulatory requirements to be inapplicable to this merger because there was no question of representation and no proper mechanism for consolidating the two units.

■ The trial court did not abuse its discretion in affirming SERB's determination that the PATMR/DEA merger did not need to comply with these restrictions. The purpose of the restrictions in R.C. 4117.07(C)(6), Am.Sub.S.B. No. 133, Section 4(A), and Ohio Adm.Code 4117–5–01(F) is to promote stability in labor relationships by controlling the ability to change bargaining representatives. SERB properly found it significant that the exclusive bargaining agent would not change as a result of the PATMR/DEA merger. The trial court deferred to SERB's reasoning and noted that "[t]o allow 2 units to merge is not similar to granting an avenue to attack the chosen representative." This result, in addition to being in accordance with law, promotes a public policy of stability in labor relationships.

■ SERB's reliance on its prior decision in a similar case involving consolidation of two units within one employee organization was not improper as MRDD alleges. Although two employee organizations are involved in this merger, SERB considered PATMR and DEA to be essentially one employee organization. SERB noted that PATMR and DEA are not rival organizations. Both have the same parent organization and both have traditionally used the same agent for bargaining. The exclusive bargaining representative would not change. Non-bargaining employees would not be added nor would bargaining employees be excluded. Furthermore, the hearing officer opined that consolidation of two employee organizations may be merely an internal matter. Affiliation or consolidation of employee organizations may be considered an internal matter where "continuity of representation and due process [adequate opportunity to vote] were satisfied." *Natl. Labor Relations Bd. v. Financial Inst. Employees* (1986), 475 U.S. 192, 200, 106 S.Ct. 1007, 1011, 89 L.Ed.2d 151, 159.

MRDD alleges that unilaterally altering the composition of PATMR, a deem-certified unit, is not in accordance with law. The statute and SERB rules do not contemplate consensual or voluntary merger or consolidation. Furthermore, SERB interpreted R.C. 4117.06(D)(1) as authorizing consolidation of professional and non-professional employees upon a majority vote for inclusion from each group. SERB, in conducting an election and certifying the results and merger, acted in accordance with law. The trial court did not abuse its discretion. The assignment of error is overruled.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and JOHN C. YOUNG, J., concur.