**FRANKLIN COUNTY BOARD OF COMMISSIONERS, Appellant,**

v.

**STATE EMPLOYMENT RELATIONS BOARD et al., Appellees.**

[Cite as *Franklin Cty. Bd. of Commrs. v. State Emp. Relations Bd.* (1993), 92 Ohio App.3d 585.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–400.

Decided Dec. 28, 1993.

*Schottenstein, Zox & Dunn, Robert D. Weisman* and *Melissa L. Zox,* for appellant.

*Lee Fisher,* Attorney General, and *Vincent T. Lombardo,* Assistant Attorney General, for appellee State Employment Relations Board.

*Ronald H. Janetzke, Rochelle L. Gardner* and *Kimm A. Massengill,* for appellee Ohio Council 8, AFSCME, AFL–CIO.

WHITESIDE, Judge.

Appellant, Franklin County Board of County Commissioners, appeals from a judgment of the Franklin County Court of Common Pleas which affirmed an order of the State Employment Relations Board ("SERB"), and raises the following assignments of error:

"1.   The court below erred in finding that the State Employment Relations Board properly followed Ohio Administrative Code 4117–5–10 in reviewing the challenged ballots.

"2.   The court below erred in failing to find that the State Employment Relations Board acted contrary to law when it failed to provide notice and a hearing to Appellant with respect to the Board's reconsideration of a voided election ballot.

"3.   The court below erred when it failed to find that the State Employment Relations Board acted contrary to law in counting the voided election ballot, since the clear intent of the voter could not be inferred from the ballot.

"4.   The court below erred when it held that the Certification Order of the State Employment Relations Board concerning the voided election ballot was

based upon reliable, probative, and substantial evidence, and to be in accordance with law.

"5. The court below erred when it held that the Certification Order of the State Employment Relations Board was enforceable, since it is untimely in that it has been issued and served upon Appellant and other parties after the passage of over 6-½ years after the representation election was held."

In December 1984, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL–CIO ("AFSCME") submitted to SERB a request for voluntary recognition seeking to represent some employees of appellant. Appellant declined the request for voluntary recognition but filed a petition for a representation election. An election agreement was executed by the parties. The election was held on August 9, 1985. Of the ninety-nine ballots cast, forty-eight ballots were cast for AFSCME, forty-seven ballots were cast as "no representative," two ballots were challenged, and two ballots were determined to be void. Of the two void ballots, one was not marked, and the other contained two markings and is the one at issue in this appeal.

AFSCME filed "objections to the election" with SERB, one of the objections concerning the ballot with two markings. SERB determined that it would count the ballot with two markings as a vote for AFSCME. On September 26, 1985, SERB filed a certification of election results and of exclusive representation ("the first certification order"), certifying AFSCME as the exclusive collective bargaining representative of the employees. SERB sent a copy of the certificate order to AFSCME and appellant but did not send them by certified mail as required by R.C. 119.09.

On January 23, 1986, appellant appealed to the Franklin County Court of Common Pleas. The trial court affirmed the SERB order. Appellant then appealed to this court. In *Franklin Cty. Bd. of Commrs. v. State of Ohio, SERB et al.* (Dec. 15, 1987), Franklin App. No. 87AP–98, unreported, 1987 WL 28454, this court determined that the common pleas court lacked jurisdiction to hear the appeal, since the requirements of R.C. 119.09 had not yet been met and the fifteen-day appeal period had not yet commenced. The case was remanded to the common pleas court to dismiss the appeal as premature.

On March 9, 1988, SERB again served a certification of election results and of exclusive representation ("the second certification order"). Appellant again appealed to the Franklin County Court of Common Pleas. While this appeal was pending, SERB issued another certification of election results and of exclusive representation ("the third certification order"). Appellant also appealed this third certification order. The trial court determined that the third certification order was supported by reliable, probative evidence. This court, in *Franklin Cty. Bd. of Commrs. v. State of Ohio, SERB et al.* (Aug. 15, 1989), Franklin App.

No. 89AP–59, unreported, 1989 WL 92068, reversed the trial court's ruling and remanded the case with instructions to remand the matter to SERB to vacate the third certification order, since SERB did not have the power to issue a third certification order because the second certification order had not been vacated or held invalid.

The Franklin County Court of Common Pleas dismissed the appeal concerning the second certification order because it failed to contain the appeal-rights notification as required by R.C. 119.09. On March 26, 1992, SERB issued a fourth certification order, the trial court affirmed the certification order, and appellant now appeals.

■ This court has discussed the standard of review upon an R.C. 119.12 administrative appeal from a judgment of the common pleas court in *Hobson v. Ohio State Racing Comm.* (June 9, 1992), Franklin App. No. 91AP–908, unreported, 1992 WL 131838. Upon factual issues, the primary question is whether the common pleas court abused its discretion in finding the administrative decision to be supported by reliable, probative and substantial evidence. As to questions of law, this court must make its own independent determination of the law to be applied to the facts found by the agency and held by the common pleas court to be supported by reliable, probative and substantial evidence. In other words, while the common pleas court engages in a limited weighing of the evidence in determining whether it constitutes reliable, probative and substantial evidence, this court engages in no weighing of the evidence but, instead, must determine whether, as a matter of law, the evidence is sufficient to constitute reliable, probative and substantial evidence supporting the administrative decision. In reviewing the common pleas court's determination resulting from its limited weighing of the evidence, however, this court must utilize an abuse-of-discretion test.

■ By the first assignment of error, appellant contends that the common pleas court erred in finding that SERB properly followed Ohio Adm.Code 4117–5–10 in reviewing the challenged ballots. Ohio Adm.Code 4117–5–10(B) provides in pertinent part:

"If post-election objections are filed or if challenged ballots are sufficient in number to affect the results of the election, the board shall investigate such objections or challenges. Position statements on challenged ballots must be filed within ten days of the service of the tally of ballots. The board shall issue a directive resolving relevant issues based upon the investigation; provided, however, that disputed issues of material fact may be determined upon an evidential hearing. The board may dismiss the post-election objections or challenges, direct

the counting of some or all of the challenged ballots, or where warranted, set aside the previous election and direct another election. * * * "

Appellant argues that SERB acted contrary to law by failing to provide notice to appellant that it was considering the voided ballot and by failing to provide appellant with a hearing. Upon a close reading of the rule, however, SERB is required to investigate the objections or challenges and issue an order resolving relevant issues. SERB did so. Appellant contends that SERB's failure to conduct a hearing on the issue violated appellant's due process rights. Appellant argues that, if the objections to the election pertain to a "material fact," then a hearing should be held.

Assuming a hearing should be held, there is no requirement that an evidentiary hearing or an oral hearing be held. Appellant did in fact receive a "non-oral" hearing. Appellant submitted a position statement pertaining to the challenge investigation, a supplemental position statement, and a memo in response to the objections to the election. These filings constituted participation in a non-oral hearing.

SERB is not required to hold an evidentiary hearing. This court has discussed the requirements of Ohio Adm.Code 4117–5–10 in *Hocking Technical College v. State Emp. Relations Bd.* (1990), 70 Ohio App.3d 18, 590 N.E.2d 370, stating:

" * * * Although SERB was not required to hold an evidentiary hearing, SERB was required to investigate the objections and the challenges filed to the election. * * *

" * * *

"Pursuant to Ohio Adm.Code 4117–5–10, all that SERB is required to do if objections are filed, or if challenged ballots are sufficient in number to affect the results of the election, is to investigate the objections or the challenges. * * * " *Hocking* at 23, 25, 590 N.E.2d at 373, 374.

Ohio Adm.Code 4117–5–10 does provide for an evidentiary hearing upon "disputed issues of material fact." However, no conflicting evidence needed to be resolved to determine whether the ballot should be counted. SERB had the ballot. The ballot itself was the only evidence necessary to make the determination if the intent of the voter who marked that ballot could be determined from the ballot. No other admissible evidence could be relevant. An oral hearing was not inappropriate but not mandated since appellant was given full opportunity to make its argument in written, rather than oral, form. Thus, the trial court did not err in finding that SERB did not act contrary to Ohio Adm.Code 4117–5–10 in reviewing the challenged ballots. Appellant's first assignment of error is not well taken.

By the second assignment of error, appellant contends that the trial court erred in failing to find that SERB acted contrary to law when it failed to provide notice and a hearing to appellant with respect to SERB's reconsideration of a voided election ballot. In the merit brief to this court, appellant combines this argument with the first assignment of error. As discussed above, appellant was provided an opportunity to be heard, as evidenced by the three filings. Ohio Adm.Code does not require SERB to provide an evidentiary hearing before investigating and resolving any objections or challenged ballots in the absence of disputed issues of material fact requiring the receipt of evidence for determination. Therefore, SERB did not act contrary to law in failing to give further opportunity for notice and hearing to appellant. Consequently, appellant's second assignment of error is not well taken.

■ Appellant's third and fourth assignments of error are related and will be discussed together. By the third assignment of error, appellant contends that the trial court erred when it failed to find that SERB acted contrary to law in counting the voided election ballot, alleging that the clear intent of the voter could not be inferred from the ballot. By the fourth assignment of error, appellant contends that the trial court erred when it held that the certification order of SERB concerning the voided election ballot was based upon reliable, probative, and substantial evidence, and was in accordance with law.

Appellant argues that SERB breached its own consent election agreement in counting the ballot containing two markings as a vote for AFSCME. AFSCME and appellant had executed a consent election agreement prior to the election. The ballots had instructions indicating the manner in which to cast a ballot as follows:

"1.  Mark an 'X' in the square of your choice.

"2.  Make no other marks on this ballot.

"3.  Do not sign this ballot."

Since the ballot contained two marks, an illegible mark in the "no representative" space (which the trial court described as "the letter 'y' covered by circular markings" see Decision, Feb. 3, 1993, at 3) and the word "yes" clearly marked in the "Ohio Council 8, American Federation of State, County and Municipal Employees (AFSCME), AFL–CIO" space, appellant argues that counting the ballot violates the agreement.

The standard SERB apparently utilizes for determining whether to count a mismarked ballot has been set forth in the SERB decision *In re Montgomery Cty. Bd. of Mental Retardation & Developmental Disabilities* (Sept. 15, 1988), case No. SERB 88–012. In that decision, SERB stated:

" * * * In conducting elections, *the Board strives to give effect to the intent of the voter where possible. Thus, the Board will avoid excessively rigid or overly technical marking requirements in those situations where the intent of the voter can be reasonably ascertained from the face of the ballot.* If the voter's intent is not clear, the ballot is void. *When the intent is clear, the ballot shall be counted accordingly unless markings on the ballot reveal the identity of the voter.* * * *

"This standard is one that is commonly employed by labor relations agencies throughout the United States. * * *" (Decision, at 3–60 and 3–61; emphasis added.)

This standard set by SERB is also similar to the Ohio standard for general and special elections in R.C. 3505.28, which states:

"No ballot shall be counted which is marked contrary to law, except that no ballot shall be rejected for any technical error unless it is impossible to determine the voter's choice. * * *"

In this case, SERB determined that the voter's intent was clear from the ballot, since the voter clearly wrote the word "yes" in the box for AFSCME. This determination is a factual issue to be determined by SERB, not by this court. The trial court found that the SERB determination was supported by reliable, probative evidence, and our standard is whether, as a matter of law, the SERB determination is not so supported.

In its decision, the trial court stated:

" * * * In the instant case, it is obvious, upon examining the ballot in question, that the voter intended to vote for the Union. The word 'yes' in the box for the Union is clear and distinct. The circular markings over the letter 'y' in the box for 'No Representative' unambiguously communicate the voter's intent to cross out any markings in that box." (Decision, Feb. 3, 1993, at 7.)

This was the factual determination by SERB. The only evidence is the ballot itself. The issue (one of law not fact) is whether it is reasonable to infer from the ballot that it was the intent of the voter to cast a ballot for AFSCME or a "yes" in that box. Such inference is a reasonable one, and it would be improper to interfere with SERB's exercise of discretion to make such reasonable inference even though it also would be reasonable either not to make the inference or to infer that the intent of the voter was not clear. As such, appellant's third and fourth assignments of error are not well taken.

■ By the fifth assignment of error, appellant contends that the trial court erred when it held that the certification order of SERB was enforceable, since it is technically "untimely" in that it has been issued and served upon appellant and other parties more than six and one-half years after the representation election

was held. Appellant argues that this significant passage of time "has cast considerable doubt upon the majority status of AFSCME." (Appellant's merit brief, at 13.) As the trial court stated well:

"The record, as certified to the Court by the Board, contains no evidence that, as of March 26, 1992, the Union no longer enjoyed the support of a majority of the members of the bargaining unit. Furthermore, the Employer has not sought leave of this Court to admit additional evidence of same." (Decision, Feb. 3, 1993, at 8.)

In the absence of evidence that AFSCME no longer enjoys majority support, the lapse of time between an election and the certification order, standing alone, does not void the order. Consequently, appellant's fifth assignment of error is not well taken.

For the foregoing reasons, all five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BOWMAN and JOHN C. YOUNG, JJ., concur.