OPINION
This action comes before the court on appeal by the Gallia County Health Commissioner and the Gallia County Board of Health from a December 21, 1998 decision of the Franklin County Court of Common Pleas. That decision held that a civil service job classification plan, created and administered by the Ohio Department of Administrative Services, does not apply to the appellants. Appellants now ask this court to reverse the decision of the trial court and to reinstate the August 7, 1998 decision of the State Personnel Board of Review, which concluded that appellee Dee Franklin's ("Franklin") position with the Gallia County Health District was properly classified. For purposes of this appeal, the following facts are not in dispute.
Franklin was hired by the Gallia County Board of Health ("Board of Health") in April 1991, as a "Public Health Sanitarian in Training" for the Gallia County Health District ("Health District). Two years later, Franklin was promoted to "Public Health Sanitarian 1," and later, in May 1995, was promoted to "Public Health Sanitarian 2."
Franklin is responsible for two programs administered by the Health District. The first is a household sewage disposal program, and the second is a solid and infectious waste program. In connection with the household sewage disposal program, Franklin inspects residential sewage disposal systems to ensure compliance with all applicable building codes. Specifically, Franklin performs residential sewage inspections required in connection with the purchase and sale of residential and commercial property. These inspections include inspections of septic tanks and leach fields, which utilize aerobic tanks and subsurface filters. As a whole, Franklin devotes approximately forty percent of her scheduled work time to the household sewage disposal program.
The next forty percent of Franklin's work time is devoted to the solid and infectious waste program. In connection with the solid waste program, Franklin inspects three landfills in Gallia County, two open and one closed. Franklin collects weekly water samples from the landfills and oversees the monitoring of gas wells at those locations. The remainder of Franklin's work time is devoted to miscellaneous tasks.
In October 1997, Franklin requested a job audit in order to determine the appropriate classification for her position. An audit was performed, and on January 26, 1998, the Department of Administrative Services ("DAS") concluded that Franklin was appropriately classified as a Public Health Sanitarian 2.
On February 13, 1998, Franklin filed an appeal of the DAS decision with the State Personnel Board of Review ("SPBR"). On June 24, 1998, an SPBR administrative law judge issued a decision in which he also found that Franklin was properly classified as a Public Health Sanitarian 2 under the DAS classification plan for county health districts. In his opinion, the administrative law judge analyzed and compared the DAS classification specification for Public Health Sanitarian 2 with the DAS classification specification for Public Health Sanitarian 3. Both specifications were created by the DAS for use by county health districts. Having compared the two, the administrative law judge concluded that Franklin was properly classified as a Public Health Sanitarian 2, as she did not direct an entire environmental health program, and because she did not supervise subordinate personnel.
Franklin subsequently challenged the conclusion of the administrative law judge before the full SPBR. Before the SPBR, Franklin argued that the DAS classification system for county health districts does not apply to the Health District as the Board of Health, and not the state or DAS, is the entity charged with determining the duties and setting the salaries of its employees. However, on August 7, 1998, the SPBR issued a written opinion in which it held that the Health District is subject to the DAS classification plan because there is no evidence in the record showing that the Health District created and/or filed its own classification plan with the DAS.
On August 24, 1998, Franklin appealed the SPBR decision to the Franklin County Court of Common Pleas. In a decision released on December 21, 1998, the trial court found that the classification plan promulgated by the DAS for county health districts does not apply to the Gallia County Health District because the Board of Health has the ability and authority to set the compensation levels of its employees pursuant to R.C.124.14(B)(4) and 3709.16. Specifically, the court found that the SPBR decision was not supported by reliable, probative, or substantial evidence, as:
 1. The Gallia County Health District is a general health district which is exempt from the ODAS county classification plan;
 2. The Gallia County Health District "position descriptions" control Franklin's request for a job audit pursuant to R.C. 124.14; and
 3. Pursuant to the applicable position descriptions, Franklin was most appropriately classified as a Sanitarian 3.
Franklin now appeals the decision of the trial court and raises the following five assignments of error:
 1. The Common Pleas Court erred in misapplying R.C. 124.14(B)(4).
 2. The Common Pleas Court erred in holding that "position descriptions" could constitute an auditable "classification plan."
 3. The Common Pleas Court erred in holding that the Gallia County Board of Health had created its own independent classification plan.
 4. The Common Pleas Court erred in failing to remand the appeal to the State Personnel Board of Review for a determination of whether or not an independent classification plan could be found to exist based upon the evidence of record.
 5. The Common Pleas Court erred in failing to defer to the findings of the trier-of-fact, the State Personnel Board of Review.
Pursuant to R.C. 119.12, any party adversely affected by an order of an administrative agency may appeal the order of that agency to the appropriate court of common pleas. Unless otherwise provided by law, when considering the appeal, the trial court is limited to the record as certified to it by the agency. Having considered the certified record, and the merits of the appeal, the court may affirm the order of the administrative agency if it finds that the order is supported by reliable, probative, and substantial evidence, and is otherwise in accordance with law. In the absence of such a finding, the trial court may reverse, vacate, or modify the order, or make such other ruling as is supported by sufficient reliable, probative, and substantial evidence.
During the course of conducting our review of the trial court's ruling, upon factual issues, the primary question is whether the common pleas court abused its discretion in finding the administrative decision not to be supported by reliable, probative, and substantial evidence. Franklin Cty. Bd. Of Commrs.v. State Emp. Relations Bd. (1993), 92 Ohio App.3d 585, 588. However, as to questions of law, our review is de novo, as the trial court does not exercise discretion on such issues. Westfallv. Ohio Dept. of Commerce (Jan. 25, 1994), Franklin App. No. 93AP-1067, unreported.
R.C. 124.04(A) gives the DAS power to classify positions in state service. Specifically, that section provides in relevant part:
 The director of administrative services shall establish, and may modify or repeal, by rule, a job classification plan for all positions, offices, and employments the salaries of which are paid in whole or in part by the state. ***
However, there are five enumerated instances where the director of administrative services does not establish or administer the job classification plan. R.C. 124.14(B) provides in relevant part:
 (B) Division (A) of this section *** do[es] not apply to the following persons, positions, offices, and employments:
***
 (4) Any position for which the authority to determine compensation is given by law to another individual or entity.
In this case, the trial court found that the Health District is a county health district. That finding has not been challenged on appeal. R.C. 3709.15 provides that the board of health of a county health district may appoint as many persons for sanitary duty as the sanitary conditions of the district require. Specifically relevant in this case, R.C. 3709.16 provides that the board of health of a county health district shall determine the duties and fix the salaries of its employees. Accordingly, we find that the exception contained in R.C. 124.14(B) is directly applicable to the Board of Health and the Health District.
In an effort to avoid the obvious impact of R.C.124.14(B), appellant's argue that R.C. 124.14(B) is not "self-executing." In other words, appellants argue that R.C.124.14(A) applies unless and until the Board of Health "opts out" of the DAS classification plan. Appellants further argue that the Board of Health must do this by creating its own classification plan which complies with all of the requirements for classification plans promulgated by the DAS. However, the plain language of R.C. 124.14(B) points to a contrary conclusion.
In support of their assertion, appellants cite only our decision in Chubb v. Bur. of Workers' Comp. (Sept. 26, 1996), Franklin App. No. 96APE03-292, unreported, as standing for the proposition that R.C. 124.14(B)(4) is not "self executing."Chubb, however, dealt with R.C. 4121.121(B), which applies only to the Ohio Bureau of Workers' Compensation. Quite unlike the present case, that section provides that "[a]ll positions of employment in the bureau [of workers' compensation] are in the classified civil service except those employees the administrator may appoint to serve at the administrator's pleasure in the unclassified civil service pursuant to section 124.11 of the Revised Code." Clearly, R.C. 4121.121(B) provides that all positions with the Bureau of Workers' Compensation, a state agency, are classified, unless and until the administrator appoints individuals who are specifically excepted from classified civil service. However, no such provision applies to county health districts or boards such as those in this case. Here, the Board of Health, an entity other than the DAS, has full authority to determine the duties and fix the compensation of its employees. Therefore, by the clear and plain terms of R.C. 124.14(B), the Board of Health and the Health District are not subject to the DAS classification plan for health sanitarians promulgated pursuant to R.C. 124.14(A). As such, appellants' first assignment of error is overruled.
For the reasons set forth above, we are also unable to accept the appellants' assertion that the Board of Health must promulgate classification plans which meet DAS standards, procedurally and substantively, and in the event that it does not, must use the DAS classification plan as a default. Again, the statute clearly states that the provisions contained in R.C.124.14(A) do not apply to positions "for which the authority todetermine compensation is given by law to another individual orentity." (Emphasis added.) In this case, R.C. 3709.16
specifically gives the Board of Health the responsibility to determine the duties, job classifications, and the salaries of its employees.
Moreover, the record in this case contains position descriptions and compensation tables utilized by the Board of Health to define the duties and fix the compensation for the positions of Health Sanitarian 2 and Health Sanitarian 3. These documents were in fact prepared on DAS forms and defined the sanitarian positions in a series distinguished by degree of skill, responsibility, and authority. Those documents set forth the duties and salaries of a Health Sanitarian 2 and Health Sanitarian 3 with sufficient specificity to enable a meaningful audit of the covered positions. Appellants have not directed our attention to, and we have been unable to find, any requirement that the Board of Health develop a classification plan that is either approved or filed with the DAS. Thus, appellants' second and third assignments of error are also overruled.
In their fourth assignment of error, appellants assert that the trial court should have remanded the matter to the SPBR for a determination of whether or not an independent classification plan exists. As noted, the trial court may reverse, vacate, or modify any order which it finds is not supported by reliable, probative, and substantial evidence. In this case, the trial court was correct in finding the existence of an independent classification plan for Gallia County Health District sanitarians. Accordingly, there was no need for the trial court to remand the matter to the SPBR. Appellants' fourth assignment of error is, therefore, overruled.
In their fifth assignment of error, appellants assert that the trial court erred by not deferring to the findings of fact made by the SPBR. In this case, appellants argue that the trial court should have accepted the testimony of an employee of the DAS, Bev Wood, who stated that Gallia County did not have its own job classification plan. However, the trial court is not required to give deference to the conclusions of law made by a lay witness. In this case, the trial court found there to be reliable, probative, and substantial evidence that the Board of Health job classifications and pay structure for the positions of Health Sanitarian 2 and Health Sanitarian 3 constituted an auditable job classification plan. We find no error in so doing. Accordingly, appellants' fifth assignment of error is overruled.
Having overruled all five of appellants' assignments of error, we hereby affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK and DESHLER, JJ., concur.