The State, ex rel. Zoning Inspector of Montgomery County, Appellant, *v.* Honious, d. b. a. Bildona's Auto Parts, Appellee.

[Cite as State, ex rel. Zoning Inspector, v Honious, 20 Ohio App. 2d 210.]

(No. 3224—Decided May 7, 1969.)

*Mr. Lee C. Falke,* prosecuting attorney, and *Miss Lillian M. Kern,* for appellant.
*Mr. Richard G. Snell,* for appellee.

Kerns, P. J. This appeal is from a judgment of the Court of Common Pleas of Montgomery County denying an injunction in a zoning case.

The action was commenced by the Assistant Zoning Inspector of Montgomery County to restrain and enjoin the respondent, appellee herein, William Honious, from the "further expansion or enlargement of the junk yard use" of a certain parcel of real property located in Jefferson Township.

The land in question consists of approximately five acres located in an Agricultural A-1 District under the terms of the Montgomery County Zoning Resolution which became effective in Jefferson Township on November 14, 1957.

In substance, the petition of relator, appellant herein, provides:

"That defendant operates on such premises a junk yard which use is not a principal or accessory use permitted in such a district under the provisions of the Mont-

gomery County, Ohio, Zoning Resolution; that defendant was operating said junk yard at the time of the coming into effect of the ordinance in Jefferson Township; and that defendant was permitted to continue the operations existing on that date as a non-conforming use, permitted under the aforesaid ordinance. That defendant has, since the effective date of the ordinance, enlarged his use in violation of said ordinance, which provides in the pertinent part of Article 6, Section 3:

"NON-CONFORMING USES OR BUILDINGS

"*No existing building or land area* devoted to a use not permitted by this resolution in the district in which such building or land area is located, except when required to do so by law or order, *shall be enlarged, extended, reconstructed, substituted or structurally altered,* unless the use thereof is changed to a use permitted in the district in which such building or land area is located. * * *"

The respondent admits in his answer that he has "enlarged his use" of the property, but he alleges further that "he is presently occupying the same land area that he was occupying prior to the effective date of the Montgomery County Zoning Ordinance."

No reply to the answer was filed, and, in the absence of a reply, it is doubtful that the pleadings, as framed, raised a factual issue in this case.

The evidence likewise dwells more upon "enlarged use" than upon "enlarged area." Specifically, the testimony revolves almost completely around the difference in the number of junk cars located on the premises at the time of the zoning restriction and the number of cars located in the area at the time of the commencement of this action.

While such evidence has a limited bearing upon the real issue in the case, it is not, without more, conclusive of the rights of the parties. Significantly, the record is devoid of any substantial evidence which might show the particular land areas actually used as a junk yard before and after the enactment of the zoning resolution. In fact, the only testimony of any consequence upon this issue is

to the effect that junk cars were scattered over the general area comprising the five-acre tract prior to November 14, 1957.

Nonconforming use restrictions apply to area rather than inventory. While an increased number of junk cars in an agricultural area is extremely undesirable, such an increase is no different in principle from the increased inventory of a grocery store in a residential area if the structure or area actually used in the complete operation of the business is not enlarged or extended after the enactment of the zoning resolution.

We share the opinion of the relator that the trial court placed unwarranted reliance upon the case of *Worthington* v. *Everson*, 10 Ohio App. 2d 125. In that case, the resolution under consideration placed no restriction upon land use. However, the *Worthington case* does support the proposition that an increase in business alone does not constitute an unlawful extension of a nonconforming use.

A detailed examination of the pleadings and the evidence in the present case prompts a conclusion that the relator proceeded upon the theory that he need only show an increase in business to sustain his position. In our opinion, the trial court was correct in finding that the evidence presented by the relator is insufficient to show a violation of the nonconforming use provision of the zoning resolution of Montgomery County.

The judgment will, therefore, be affirmed.

*Judgment affirmed.*

SHERER and CRAWFORD, JJ., concur.