OPINION
{¶ 1} Appellant, Alternative Residences, Two, Inc., appeals from the February 23, 2004 judgment of the Franklin County Court of Common Pleas, affirming the January 27, 2003 order of adjudication of the Director of appellee, Ohio Department of Jobs and Family Services, disallowing appellant's claim for Medicaid reimbursement for bonuses paid to its management company. For the reasons that follow, we affirm.
 {¶ 2} Appellant is an Ohio non-profit corporation that operates a number of intermediate care facilities for the mentally retarded and the developmentally disabled. At issue in this case are three facilities located in Stark, Lawrence, and Gallia Counties. For each facility, appellant had entered into an agreement with appellee to provide residential services pursuant to the state's Medicaid program.
 {¶ 3} Appellant engaged VOCA Corporation ("VOCA"), an Ohio for-profit corporation, to provide the services of administrator and program manager for each facility. VOCA was entitled to a fixed amount of compensation for its services pursuant to a written management agreement.
 {¶ 4} On December 17, 1996, appellant paid VOCA a bonus management fee totaling $200,000 to express appellant's appreciation for the hard work and dedication shown by VOCA's staff throughout 1996. The bonus was in addition to the agreed compensation under the management agreements and was distributed among the abovementioned facilities.
 {¶ 5} Appellant submitted the payments of the bonuses to appellee as allowable expenses and sought reimbursement. Appellee conducted an audit of the cost reports submitted by appellant and disallowed the bonus paid to VOCA. The auditor took the position that the payment of the bonus failed to satisfy the prudent buyer test.
 {¶ 6} Appellant requested an adjudicatory hearing pursuant to R.C. Chapter 119. The hearing examiner signed off on an agreed briefing schedule as to the following issue of law:
Under Ohio law, is a bonus that is paid by a provider to an outside management company per se unreasonable (and therefore disallowed) when the bonus is not provided for in the management agreement?
 {¶ 7} In its brief, appellee took the position that payment of a bonus to an outside management company that is neither a certain type of bonus, such as an incentive bonus, nor is specified in the contract, is per se unreasonable, not an allowable cost, and not in accordance with Medicaid principles. Appellant took the position that, if the hearing examiner answered the stipulated question in the affirmative, the bonus payments would be disallowed. However, if the hearing examiner answered the question in the negative, the bonus payments at issue in this case would be allowed. Appellant argued that an extracontractual bonus paid by a provider to an outside management company was not per se unreasonable because no state or federal regulation specifically prohibited the payment of such bonuses and because public policy did not support such a prohibition.
 {¶ 8} Appellant further argued that a per se rule against extracontractual bonuses was unreasonable because there were actual or hypothetical circumstances in which such a payment would be reasonable. Appellant hypothesized that it would be as reasonable to pay a bonus to a management company that rendered exemplary service, as it is for a patron to tip in a restaurant. Appellant contended that paying a bonus could result in saving money in the long term by retaining an established business relationship with a management company instead of having to look elsewhere for a competent company to manage the facility. Appellant also hypothesized that a miscalculation, a typographical error, or improper execution of a contract could be remedied by the payment of a bonus.
 {¶ 9} The parties filed reply briefs in which appellee took the position that hypothetical issues were not before the tribunal. Rather, appellee argued that the bonus at issue in this case was not provided for in the contract, that state and federal law require evidence that expenses are prudent and reasonable, that the contractual price provides prima facie evidence of reasonableness, and that appellant could not meet its burden of showing that the bonus at issue in this case met that burden.
 {¶ 10} Appellee replied that the issue was a pure issue of law, and, because there exist situations in which an extracontractual bonus could pass the prudent and reasonable test, the hearing examiner must rule in appellant's favor.
 {¶ 11} The hearing examiner filed a report and recommendation in which he noted that appellant had offered three basic reasons why a reasonably prudent provider might elect to make an extracontractual payment of a bonus to a third-party manager or administrator: (1) as a reward for exemplary performance; (2) as compensation for the fair market value of its services; and (3) as a means of assuring continuation of the thirdparty's services beyond the expiration of the management agreement. The hearing examiner disposed of the first rationale by explaining that a higher level of service provided under the contract is not compensable under Medicaid except to the extent that the facility qualifies for an efficiency incentive under R.C. 5111.241(A)(2) and Ohio Adm. Code 5101:3-3-83(A)(2). He also rejected the proposition that a legally competent third-party program manager and administrator would enter into an arms-length transaction that did not require payment of adequate compensation for the value of the services to be rendered. Finally, he rejected the third rationale as the record was void of any evidence that the bonus was in fact paid in consideration of an extension of the agreement, or that it could reasonably be paid on the mere hope that the third-party administrator would agree to a new contract on advantageous terms. With respect to appellant's public policy argument, the hearing examiner found that allowing extracontractual bonuses would run contrary to the goals of the prospective rate setting system. In other words, payment of extracontractual bonuses would work against containing escalation of costs and encouraging the provider to meet the set rate or absorb the loss if its actual cost exceed that rate.
 {¶ 12} The Director of the Ohio Department of Job and Family Services entered an adjudication order adopting the report and recommendation of the hearing examiner, and appellant filed a timely notice of appeal to the court of common pleas.
 {¶ 13} The court of common pleas affirmed the adjudication order. The common pleas court first determined that what the parties were doing when they submitted an agreed question of law to the hearing examiner was to seek adjudication over rule making in obtaining a policy pronouncement on the issue of extracontractual compensation. The common pleas court noted that the ability of administrative agencies to set policy has been recognized by the United States Supreme Court in Securities andExchange Comm. v. Chenery Corp. (1947), 332 U.S. 194,67 S.Ct. 1575, and the ability of agencies to announce and apply new rules by adjudication has been recognized by the Supreme Court of Ohio in Blue Cross of Northeast Ohio v. Ratchford (1980),64 Ohio St.2d 256, 261-262; and Hamilton Cty. Bd. of Mental Retardationand Developmental Disabilities v. Professionals Guild of Ohio
(1989), 46 Ohio St.3d 147, 151.
 {¶ 14} The common pleas court disagreed with appellant's premise that a per se rule by definition has no exceptions and, therefore, if appellant could conceive of even one hypothetical exception, the question had to be answered in the negative and the bonus in question should be allowed. The common pleas court disposed of appellant's remaining arguments, essentially adopting the same rationale as the hearing examiner. Ultimately, the common pleas court found the report of the hearing examiner to be supported by the evidence and in accordance with law.
 {¶ 15} On appeal to this court, appellants have set forth the following four assignments of error:
[I.] The trial court erroneously found that a bonus that is paid by a provider to an outside management company is per se
unreasonable simply because the bonus is not provided for in the management agreement.
[II.] The trial court erroneously found that a per se rule is not a categorical rule and that, accordingly, the existence of various exceptions to the per se rule was irrelevant.
[III.] The trial court erroneously construed the stipulated question of law as a supplementation of the administrative hearing process instead of as a substitute for that process.
[IV.] The trial court erroneously relied upon the absence of evidence in determining that the payment of the bonus in question was unreasonable.
 {¶ 16} For ease of discussion, we address the assignments of error as a whole.
 {¶ 17} In an administrative appeal, pursuant to R.C. 119.12, the standard of review for this court is more limited than the common pleas court. Rossford Exempted Village School Dist. Bd.of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. The standard of review upon factual issues is whether the common pleas court abused its discretion in finding the administrative order was or was not supported by reliable, probative and substantial evidence. When the issue is a question of law, this court makes its own determination of the law to be applied to the facts found by the agency. Univ. Hosp., Univ. of CincinnatiCollege of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, paragraph one of the syllabus; Planet EarthEntertainment, Inc. v. Ohio Liquor Control Comm. (1998),125 Ohio App.3d 619, 622; Franklin Cty. Bd. of Commrs. v. State Emp.Relations Bd. (1993), 92 Ohio App.3d 585, 588.
 {¶ 18} Furthermore, a reviewing court must give deference to an administrative agency's interpretation of its own rules and regulations where the interpretation is consistent with the statutory law and the plain language of the rules. State ex rel.Celebrezze v. Natl. Lime Stone Co. (1994), 68 Ohio St.3d 377,382; Jones Metal Products Co. v. Walker (1972),29 Ohio St.2d 173, 181.
 {¶ 19} In its assignments of error, appellant has attempted to subsume the entire controversy between the parties into a single question of law. Appellant asserts the resolution of the question of law served as a substitute for the administrative hearing process. Appellant denies it was seeking the creation of a new rule by adjudication, yet it claims there was no need for the hearing examiner to examine the specific facts of this case. We disagree.
 {¶ 20} Although the parties agreed to submit a stipulated question of law to the hearing examiner, the hearing officer adjudicated a real dispute between the parties concerning the payment of a bonus. The dispute was resolved based on stipulated facts. The parties agreed to submit their case in writing to the hearing examiner, rather than taking part in an evidentiary hearing conducted by the hearing examiner. While the parties
may have reached a consensus as to what they believed the sole legal issue to be, the hearing examiner was not bound by their characterization of the issue. An administrative hearing in Ohio is considered judicial in nature. In re Foster (Bankr.S.D.Ohio 2002), 280 B.R. 193. It is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. Cincinnati Gas Elec. Co. v. Pub. Util. Comm.,103 Ohio St.3d 398, 2004-Ohio-5466, at ¶ 17. In this case, the hearing examiner's decision was based upon both the stipulated evidence and the arguments contained in briefs submitted by both parties. It is not the role of the hearing examiner, the common pleas court, or this court to render a mere advisory opinion on abstract questions of law.
 {¶ 21} Throughout this controversy, appellant has been able to set out a number of hypothetical scenarios it claims could justify payment of an extracontractual bonus. We find these hypothetical scenarios to be largely irrelevant, as they were not supported by facts in the record. Neither the hearing examiner nor the court of common pleas found any evidence in the record that would support reimbursement of a bonus in this case based upon those hypothetical situations. Regardless of how appellant characterizes the issues in this appeal, the real issue before the trial court was whether the agency's order was supported by reliable, probative and substantial evidence, and in accordance with law. R.C. 119.12. The common pleas court did not err by affirming that decision as being in accordance with law and supported by reliable, probative and substantial evidence. The assignments of error are not well-taken and are overruled.
 {¶ 22} Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bowman and Bryant, JJ., concur.