[Cite as *Mentor v. Sines*, 2015-Ohio-5546.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| City of Mentor, | : | |
| | | |
| Appellant-Appellee, | : | |
| | | |
| v. | : | No. 15AP-171 |
| | | (C.P.C. No. 14CV-9771) |
| Sines, Inc., | : | |
| | | (ACCELERATED CALENDAR) |
| Appellee-Appellant, | : | |
| | | |
| Ohio Liquor Control Commission, | : | |
| | | |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on December 31, 2015

*Joseph P. Szeman*, Assistant Law Director, for appellee City of Mentor.

*Werner G. Barthol, Co., LPA*, and *Werner G. Barthol*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

## I. INTRODUCTION

{¶ 1} This decision is a review of an administrative appeal of a decision of the Ohio Liquor Control Commission ("commission") to the Franklin County Court of Common Pleas. The appeal of the commission's decision (and previously of the decision of the Ohio Division of Liquor Control ("division") overruling objections to the issuance of C-1 and C-2 liquor permits to appellant) was filed by appellee City of Mentor ("city" or "Mentor") concerning the application of appellant, Sines, Inc. ("Sines" or "appellant").

## II.  FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2}  The division granted appellant C-1 and C-2 liquor permits for its gas station located at 8745 Johnnycake Ridge Road in Mentor, Ohio.  A C-1 permit is for carryout retail sale of beer; a C-2 permit is for carryout retail sale of wine and pre-mixed beverages. R.C. 4303.11; 4303.12.  Appellant's station has two service bays, a small sales area and an office inside, two gas pumps, and a second floor apartment.  Appellant has operated the station since the early 1960s, before the property on which the business is located became a part of the city of Mentor, including a time before the city enacted a zoning ordinance. In 2002 appellant applied for but was denied a municipal zoning variance for reconfiguration of the station's interior and enlargement of the retail area.  The application to reconfigure the premises did not propose the sale of any alcoholic beverages.

{¶ 3}  When the division approved appellant's liquor permit applications more than ten years later, the city appealed the division's decision to the commission, which affirmed the division's order.  The city thereafter appealed the commission's order to the court of common pleas pursuant to R.C. 119.12.  The court reversed the commission's order.  Although appellant's operation of the gas station, along with the sale of automotive retail items such as windshield wipers, windshield washer fluid, oil and fuel additives, as well as soft drinks and snacks, constituted a lawful, non-conforming use in a residential zone of the city, the court concluded that the sale of alcoholic beverages was an unlawful extension of Sines' legal non-conforming use.

{¶ 4}  Appellant asserts that, without the sale of beverages pursuant to C-1 and C-2 permits, it is unable to compete with other stations within two miles which sell beverages pursuant to liquor permits.  Appellant also maintains that it is unlikely that issuance of these permits and the resulting sale of additional types of beverages would increase traffic to and from its premises, and that impact on the nearby residences is unlikely and would not create any concern for the health, safety or welfare of the community.

## III.  ASSIGNMENT OF ERROR

{¶ 5}  In its appeal to this court, appellant brings the following assignment of error:

> The court of common pleas erred in reversing the decision of
> the Ohio Liquor [Control] Commission granting Appellant a
> C-1 and C-2 liquor permit as it was supported by reliable,

probative and substantial evidence and was in accordance with the law.

## IV.  STANDARD OF REVIEW

{¶ 6}  An appeal from a state administrative agency is governed by R.C. 119.12(M), which provides in pertinent part:

> The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of this finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.

"The court of common pleas is restricted to determining whether the order is so supported."  *Our Place, Inc. v. Ohio Liquor Control Comm.,* 63 Ohio St.3d 570, 571 (1992).

{¶ 7}  As we further noted in *Serv. Station Holdings, Inc. v. Liquor Control Comm.,* 10th Dist. No. 95APE03-346 (Sept. 28, 1995), under R.C. 119.12 "a court of common pleas must affirm the order of the commission if the order is supported by reliable, probative and substantial evidence and the order is in accordance with law."  *Id.,* citing *Univ. of Cincinnati v. Conrad,* 63 Ohio St.2d 108, 111 (1980).  Our review of the common pleas court's decision on appeal is limited to an abuse of discretion standard. *Serv. Station Holdings,* citing *Ford v. Ohio Dept. of Natural Resources,* 67 Ohio App.3d 755, 757 (10th Dist.1990).

> The appellate court reviews factual issues to determine whether the court of common pleas abused its discretion in determining that the administrative action either was or was not supported by reliable, probative and substantial evidence. *Alternative Residences, Two, Inc. v. Ohio Dept. of Job & Family Servs.,* 10th Dist. No. 04AP-306, 2004-Ohio-6444, ¶ 17. *See also Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219 (1983) (" 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.").

*Yohannes Parkwood, Inc. v. Ohio Liquor Control Comm.,* 10th Dist. No. 13AP-974, 2014-Ohio-2736, ¶ 10.  Barring an abuse of discretion, we may not substitute our judgment for that of an administrative agency or the common pleas court; however, we have plenary review of purely legal questions. *Id.  See also Univ. Hosp., Univ. of Cincinnati College of*

*Medicine v. State Emp. Relations Bd.*, 63 Ohio St.3d 339 (1992), paragraph one of the syllabus, and *Johns 3301 Toledo Cafe, Inc. v. Liquor Control Comm.*, 10th Dist. No. 07AP-632, 2008-Ohio-394, ¶ 13.

{¶ 8} This case involves the legal interpretation of the effect of conflicting applications of the state of Ohio's liquor laws with the city of Mentor's municipal zoning ordinances.   We review the common pleas court's finding that the decision of the commission was not based on "substantial, reliable and probative evidence," for abuse of discretion.  Additionally, we consider de novo the common pleas court's legal determination resolving how state and municipal laws apply in tandem in Sines' situation.

## IV.  DISCUSSION

{¶ 9}  Section 1139.03 of the City of Mentor Zoning Code provides, in pertinent part:

> Where at the time of passage of this Zoning Code or any amendments thereto lawful use of land and/or structures exists which would not be permitted by this Zoning Code, the use may be continued so long as it remains otherwise lawful, provided:
>
> (a) No such non-conforming use and/or structure shall be enlarged or increased nor extended to occupy a greater area of land than was occupied at the effective date of adoption or amendment of this Zoning Code unless said enlargement does not result in an increase in non-conformity or results in a change to a use permitted in the district.

The ordinance thus prohibits an enlargement or increase in the non-conforming use where an enlargement results in increased non-conformity.

{¶ 10}  Mentor ordinance section 1139.01(b) further provides:

> Non-conforming uses are declared by this Zoning Code to be incompatible with permitted uses in the districts involved. A non-conforming use of a structure, a non-conforming use of land, or a non-conforming use of structure and land in combination shall not be extended or enlarged after passage of this Zoning Code by attachment on a building or premises of additional signs intended to be seen from off the premises or by the addition of other uses, of a nature which would be prohibited generally in the district involved.

Accordingly, Mentor's position is that its ordinance prohibits appellant from extending its non-conforming use by adding other uses that would be prohibited generally in the zoning district.  In essence, Mentor argues that the sale of intoxicating liquor under C-1 and C-2

permits, as beverages, constitutes an expanded use of the property, based on beverages already sold by Sines at that location, that, in essence, liquor sales are prohibited by its zoning ordinance and that, increased activity at the location creates safety concerns that should have caused the commission to reverse the decision of the division in issuing C-1 and C-2 permits to Sines.

{¶ 11} The evidence in the trial record includes appellant's uncontroverted testimony that sales of auto parts, snacks, and soft drinks were part of the operation before the enactment of the city's zoning ordinance, and that there are no plans to increase the retail sales space and operations overall. Appellant has been selling beverages since it began operating its gas station at that location, which was before Mentor's zoning ordinance was adopted. Sines' only change in offering is the *type* of beverage offered for sale. Based on this evidence, the trial court concluded that the issuance of C-1 and C-2 liquor permits to appellant has caused appellant to have unlawfully enlarged or increased its existing non-conforming use and that the commission should have refused the permits based on the city's objections.

{¶ 12} " 'Owners are permitted to continue a non-conforming use based on the recognition that one should not be deprived of a substantial investment which existed prior to the enactment of the zoning resolution.' " *Jackson Twp. Bd. of Trustees v. Donrey Outdoor Advertising Co.*, 10th Dist. No. 98AP-1326 (Sept. 21, 1999), quoting *Beck v. Springfield Twp. Bd. of Zoning Appeals*, 88 Ohio App.3d 443, 446 (9th Dist.1993).

> "Nonconforming uses are allowed to exist merely because of the harshness of and the constitutional prohibition against the immediate termination of a use which was legal when the zoning ordinance was enacted."

*Beck* at 446, quoting *Kettering v. Lamar Outdoor Advertising, Inc.*, 38 Ohio App.3d 16, 18 (2d Dist.1987).

{¶ 13} In *Salem Twp. Zoning Comm. v. Kilburn Lodge, Inc.,* 12th Dist. No. CA90-11-081 (Aug. 26, 1991), the Kilburn Lodge had hosted horse shows, turkey shoots, archery, class reunions, wedding receptions, hayrides, private parties, bluegrass concerts, restaurant services, and pig roasts for many years before Salem Township's 1987 enactment of a new zoning code which zoned the property as "rural residence R-1." This classification did not permit the types of activities which occurred on the property. However, the code permitted the lodge to continue operating as a non-conforming use. In November 1986 the lodge had obtained a liquor permit to serve alcoholic beverages by the

glass to patrons. The lodge was granted an extension of its non-conforming use to enlarge the building, but the zoning commission filed a complaint seeking an injunction to prevent the lodge from serving alcoholic beverages to its patrons who were not present "in connection with the rental of the facility for wedding receptions, parties and the like" and from holding outdoor concerts.

{¶ 14} As persuasive support, the Twelfth District upheld the decision of the common pleas court that the sale of alcohol and the acquisition of a liquor license did not change the use of the lodge as a restaurant, and that Salem Township was attempting to control the dispensing of liquor through zoning in violation of the provisions of R.C. 519.211. Subsection (D) of the statute states: "sections 519.02 to 519.25 of the Revised Code * * * confer no power on any township zoning commission, board of township trustees, or board of zoning appeals to prohibit the sale or use of alcoholic beverages in areas where the establishment and operation of any retail business, hotel, lunchroom or restaurant is permitted." *Id.* The court concluded:

> As long as the operation of a retail business, hotel, lunchroom or restaurant is permitted, a township may not regulate the sale or use of alcoholic beverages at these operations in the guise of zoning. Accordingly, if the Kilburn Lodge was permissibly operating as a restaurant, appellant is powerless to enjoin its operation now merely because alcohol by the glass is sold and served.
>
> As the trial court indicated, appellant attempts to claim that the "serving of alcoholic beverages is a lawful extension of a prior non-conforming use *only* when served to private parties in conjunction with the rental of the facility (but not when served to the public in conjunction with the restaurant facilities or the outdoor concerts)" (emphasis in original). However, "the exclusive authority to regulate the sale and consumption of alcoholic beverages is vested in the Ohio Department of Liquor Control [and the Ohio Liquor Control] Commission." *Westlake v. Mascot Petroleum* (1991), 61 Ohio St.3d 161, 167. Appellant is clearly attempting to use zoning regulations to control or prohibit the sale of alcohol, which is prohibited by R.C. 519.211. See Id. at paragraph two of the syllabus.

{¶ 15} Arguably, Sines' legal operation of its retail business obviates Mentor's claim that it can restrict Sines' business from selling the carryout beverages of beer, wine and pre-mixed alcoholic beverages. Nor can the city successfully object based on arguments about an increased volume of business at Sines' location. As the court further

observed in *Salem Twp.,* "[a]n increase in the volume of business alone does not constitute an unlawful extension of a nonconforming use where the nature of the land is virtually unchanged." *Id.,* citing *Hunziker v. Grande*, 8 Ohio App.3d 87, 89 (8th Dist.1982), and *State ex rel. Zoning Inspector of Montgomery Cty. v. Honious*, 20 Ohio App.2d 210, 212 (2d Dist.1969). "Nonconforming use restrictions are meant to apply to the area of the use and not to inventory." *Hunzicker* at 89. The court in *Salem Twp.* rejected the contention that an increase of business and traffic proved a more intensive use of the property.

{¶ 16} Even without the existence of this caselaw, I cannot agree with the common pleas court based on the clear instruction from the legislature in R.C. 4303.292. This law instructs:

> (A) The division of liquor control may refuse to issue, transfer the ownership of, or renew, and shall refuse to transfer the location of, any retail permit issued under this chapter if it finds * * *:
>
> (2) That the place for which the permit is sought:
>
> (a) Does not conform to the building, safety, or health requirements of the governing body of the county or municipal corporation in which the place is located. *As used in division (A)(2)(a) of this section, "building, safety, or health requirements" does not include local zoning ordinances.* The validity of local zoning regulations shall not be affected by this section.

(Emphasis added.)

{¶ 17} The city argues plainly and simply that the issuance of the subject liquor permits would violate its zoning ordinance. Yet, the Ohio legislature has instructed the commission in R.C. 4303.292(A)(2)(a) that local zoning ordinances are not considered to be a basis for objection to the issuance, transfer of ownership, renewal or transfer of location of a liquor permit. The division and the commission followed this law in disregarding the objections of the city that were based on its zoning ordinances. Even the city's suggestion of increased traffic was dependent on its zoning ordinance violation argument. The common pleas court impermissibly used Mentor's zoning ordinance as a basis for reversal contrary to R.C. 4303.292(A)(2)(a).

{¶ 18} Sines makes various arguments within the context of considering the zoning ordinance as a valid objection by the city. It is not a valid objection by the city, and

we decline to further address arguments relating to the interpretation of the ordinances and whether the sale of wine and mixed spirituous liquor and/or beer by Sines is a non-conforming use under Mentor's zoning ordinance.

{¶ 19} The common pleas court found our decision in *Serv. Station Holdings* to be controlling, but the situation in this case is readily distinguishable from appellant's situation. In *Serv. Station Holdings*, the Willoughby Hills City Council objected to the issuance of a C-1 liquor permit for the appellant's service station operating *under a variance* in a residential zone. That is, the zoning code pre-dated the use of the property sought by the gas station, and the non-conforming use existed because of a variance granting the type of use in the first instance. Willoughby Hills' ordinance prohibited the sale of alcoholic beverages in residential zones,[1] *and the appellant agreed not to sell alcohol as a condition for the municipality granting it the variance.*

{¶ 20} As we observed in *Serv. Station Holdings*, if the property had been zoned for commercial use and would otherwise qualify for a permit, the city could not use local zoning regulation to prohibit the sale of alcoholic beverages at this location. "However, the variance granted to appellant did not change the nature of the premises for purposes of zoning. The area is zoned residential and the city * * * has a valid ordinance prohibiting the sale of alcoholic beverages in areas zoned residential." *Id. See also* R.C. 4303.292(A)(2)(a) ("The validity of local zoning regulations shall not be affected by this section."). In the case under review, the sale of beverages by Sines was permitted from the inception of Sines' use of the premises. It is the later adopted zoning ordinance that made the previous legal use illegal, if "expanded." Yet, R.C. 4303.292(A)(2)(a) does not permit the commission to consider any objection made based on a municipal zoning regulation, so it was instructed by the legislature not to consider whether the sale of liquor pursuant to C-1 and C-2 liquor permits was an expanded use under a municipal zoning code. The common pleas court should not have considered this factor either.

{¶ 21} Sines sought only to obtain C-1 and C-2 liquor sale permits for beverage sales that included beer, wine, and pre-mixed alcoholic beverages among the drinks it offers for sale. Notwithstanding appellant's unrefuted testimony, the trial court opined that "the sale of alcoholic beverages would constitute, at a minimum, enlarging or increasing an existing non-conforming use, in violation of the City of Mentor's zoning ordinances." (Decision, 6.) The decision of the common pleas court was contrary to law,

---

[1] We make no judgment in this decision on the legal correctness of this ordinance in light of R.C. 4303.26.

and thus, we reverse the common pleas court in the exercise of our plenary power. It was neither for the commission nor the common pleas court to determine whether the addition of liquor sales was an unlawful extension of appellant's legal non-conforming use of the premises according to Mentor's zoning ordinances. Further, based on our review of the evidence in the record, we find no basis for the trial court to have found that the commission's order was not supported by reliable, probative and substantial evidence. The trial court's consideration of the effect of Mentor's zoning ordinance and the absence of evidence in the record that could have satisfied the factors listed in R.C. 4303.292[2] for denying the issuance of one or more liquor permits, causes us to find that the trial court abused its discretion, and we reverse its order.

## VI. CONCLUSION

{¶ 22} We sustain appellant's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and hereby affirm the order of the Ohio Liquor Control Commission in affirming the decision of the Ohio Division of Liquor Control.

*Judgment reversed.*

SADLER, J., concurs in judgment only
DORRIAN, J., concurs in judgment only.

———————————

---

[2] *See, e.g.,* R.C. 4303.292(A)(1)(a) (persons convicted of crime relating to fitness to operate under liquor permit); R.C. 4303.292(A)(1)(b) (liquor permit business operated in a manner that demonstrates disregard for law); R.C. 4303.292(A)(1)(c) (misrepresentation of material fact in application); R.C. 4303.292(A)(1)(d) (use of alcohol or drugs in excess); R.C. 4303.292(A)(2)(a) (physical location does not conform to building, safety or health requirements); R.C. 4303.292(A)(2)(b) (location constructed in a way that would prevent law enforcement or division agent access); R.C. 4303.292(A)(2)(c) (location would substantially interfere with public decency, peace, sobriety and good order of neighborhood); R.C. 4303.292(A)(2)(d) (location declared a nuisance); R.C. 4303.292(B)(1) (location within 500 feet of and would substantially affect church, school, public playground, library or hospital); R.C. 4303.292(B)(2) (permit detrimental due to number of permits already in neighborhood); R.C. 4303.292(D) (conviction under division (C)(1) of section R.C. 2913.46); R.C. 4303.292(F) (maintaining a nuisance).