[Cite as *Edwards v. Ohio Dept. of Job & Family Servs.*, 2017-Ohio-2675.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Stephen and Constance Edwards, | : | |
| Appellants-Appellants, | : | |
| | : | No. 16AP-607 |
| v. | : | (C.P.C. No. 15CV-1639) |
| Ohio Department of Job and Family Services, | : | (REGULAR CALENDAR) |
| | : | |
| Appellee-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 4, 2017

**On brief:** *Roger Warner*, for appellants. **Argued:** *Roger Warner.*

**On brief:** *Michael DeWine*, Attorney General, and *Cheryl R. Hawkinson*, for appellee. **Argued:** *Cheryl R. Hawkinson.*

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Stephen and Constance Edwards, appellants, have filed an appeal from the judgment of the Franklin County Court of Common Pleas in which the court affirmed the decision of the Ohio Department of Job and Family Services ("ODJFS"), appellee.

{¶ 2} Appellants live in Greene County, Ohio, and have been certified foster parents since 1971. One of the hundreds of foster care children they have cared for is Daniel, whom they eventually adopted. Daniel was 19 years old at the relevant time here and living in appellants' home.

{¶ 3}   On May 10, 2013, Greene County Children Services ("GCCS") conducted a recertification home study and home inspection of appellants' home. The inspector asked appellants orally whether any household members had been arrested, charged with, or convicted of any offenses, and appellants answered "no." They also answered "no" to the same question on a report the same day. However, on March 20, 2013, Daniel had been arrested for impersonating an officer and inducing panic, and on May 2, 2013, Daniel had pled guilty to a fourth-degree misdemeanor charge of impersonating an officer.

{¶ 4}   On May 28, 2013, appellants received a notice informing them that they had been recertified as a foster home. The notice indicated, among other things, that appellants needed to report any child 12 through 18 years of age residing in the home who has been convicted of or pled guilty to a criminal offense or was adjudicated delinquent for an act that would have been a crime if committed by an adult. On June 5, 2013, Constance called GCCS to see if she was required to report Daniel's conviction. An investigation subsequently commenced, and GCCS determined appellants had violated Ohio Adm.Code 5101:2-7-14(H), which requires notice within 24 hours of any conviction of an adult resident of the home.

{¶ 5}   On February 28, 2014, an ODJFS hearing examiner held a hearing. On December 12, 2014, the hearing examiner issued a report and recommendation recommending appellants' certification be revoked. Appellants filed objections with the ODJFS director, but the director concluded they were untimely.  On February 9, 2015, the director issued an adjudication order adopting the hearing examiner's report and recommendation and revoking appellants' foster care certification.

{¶ 6}   Appellants appealed the director's adjudication order to the Franklin County Court of Common Pleas. On July 27, 2016, the court affirmed the adjudication order of the ODJFS director revoking appellants' foster care certification. Appellants appeal the judgment of the trial court, asserting the following two assignments of error:

> [I.] THE TRIAL COURT ERRED IN DETERMINING THAT THE DECISION OF THE DIRECTOR OF OHIO DEPARTMENT OF JOBS [sic] AND FAMILY SERVICES (ODJFS) IN REVOKING THE FOSTER CARE LICENSE OF APPELLANTS WAS IN ACCORDANCE WITH LAW.

[II.] THE TRIAL COURT ERRED IN OVERRULING APPELLANTS' MOTION TO VACATE THE ORDER OF THE DIRECTOR WHERE THE AGENCY REINTERPRETED THE LICENSE REQUIREMENTS AND REINSTATED APPELLANTS' LICENSE SUBSEQUENT TO ITS ADJUDICA-TION ORDER.

{¶ 7} Appellants argue in their first assignment of error that the trial court erred when it found the adjudication order of the director revoking appellants' foster care certification was in accordance with law. When reviewing an order of an administrative agency, pursuant to R.C. 119.12, a common pleas court must affirm the order if, upon consideration of the entire record, the order is in accordance with law and is supported by reliable, probative, and substantial evidence. *Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992). In reviewing the decision of the trial court, an appellate court is limited to determining whether the trial court abused its discretion. *Bryant Health Care Ctr., Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 13AP-263, 2014-Ohio-92, ¶ 23. However, an appellate court has plenary review of purely legal questions. *Id.* Furthermore, a reviewing court should accord considerable "deference to an administrative agency's interpretation of its own rules and regulations where the interpretation is consistent with the statutory law and the plain language of the rules." *Alternative Residences, Two, Inc. v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 04AP-306, 2004-Ohio-6444, ¶ 18, citing *State ex rel. Celebrezze v. Natl. Lime & Stone Co.*, 68 Ohio St.3d 377, 382 (1994).

{¶ 8} Appellants argue that at each level of appeal, ODJFS indicated it had no discretion once appellants acknowledged that they failed to report Daniel's charges within 24 hours pursuant to Ohio Adm.Code 5101:2-7-14(H). However, appellants contend there was an alternative remedy available in the foster care manual issued by GCCS with the approval of ODJFS. Appellants assert there is a corrective action plan that allows GCCS to work with a home that is out of compliance with regulations. Appellants argue that neither the hearing examiner nor the director addressed GCCS's ability to arrive at an alternative treatment under the corrective action plan. Instead, ODJFS believed that any charge must be reported within 24 hours, and the trial court believed it had to give due deference to ODJFS's interpretation.

{¶ 9}   Former Ohio Adm.Code 5101:2-7-14(H) provided:

> A foster caregiver shall notify the recommending agency within twenty-four hours of any charge of any criminal offense brought against the caregiver or any adult resident of his home. If the charges result in a conviction, the foster caregiver shall notify the recommending agency within twenty-four hours of the conviction. Failure to notify the agency in either of these circumstances shall result in the agency recommending the Ohio department of job and family services (ODJFS) seek an order to revoke or deny the caregiver's certification to operate a foster home.

{¶ 10} Initially, the mandate for the reporting of any criminal offense within 24 hours and the repercussions for failing to notify are set forth in explicit terms in former Ohio Adm.Code 5101:2-7-14(H). Thus, despite what the foster care manual issued by GCCS indicates, the Ohio Administrative Code clearly addresses the current factual circumstances, and appellants fail to cite any authority that the GCCS foster care manual should control over the Ohio Administrative Code. Nevertheless, Elizabeth Jackson, a foster care specialist for GCCS, testified that a corrective action plan, as set forth in the foster care manual, could not be implemented here because appellants' actions were a clear violation of a rule that clearly states to proceed with revocation if violated. She gave examples of when a corrective action plan would be implemented due to lack of compliance, such as when the foster parents fail to submit a monthly form or medical documentation for the child for appointments or prescriptions. She testified that a corrective action plan would not have been proper here because appellants had already been trained on the reporting rule, and appellants had already reported a similar pending fourth-degree misdemeanor charge, demonstrating that they understood the rule. Thus, even if the GCCS foster care manual gave GCCS some discretion as to what action to take after appellants reported their violation, Jackson provided supporting evidence that appellants' circumstances did not fall within GCCS's parameters for issuing a corrective action plan.

{¶ 11} Appellants also point out that GCCS contacted the liaison at ODJFS, and the liaison informed GCCS that it was required by former Ohio Adm.Code 5101:2-7-14(H) to make the recommendation to revoke appellants' certification. Appellants contend that it is

a violation of due process for ODJFS to, in essence, make a recommendation to itself to revoke. We disagree. "Due process requires that an individual in an administrative proceeding is entitled to a fair hearing before an impartial tribunal." *Serednesky v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-633, 2006-Ohio-3146, ¶ 21, citing *In re Murchison*, 349 U.S. 133, 136 (1955). The key factor in deciding whether a hearing satisfies procedural due process is whether the claimant had the opportunity to present the facts that demonstrate he was entitled to benefits. *Howard v. Electronic Classroom of Tomorrow*, 10th Dist. No. 11AP-159, 2011-Ohio-6059, ¶ 15, citing *Atkins v. Dir., Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 08AP-182, 2008-Ohio-4109, ¶ 17. "It is well-settled that a reviewing court must presume that the decision of an administrative agency is valid and was reached in a sound manner." *West Virginia v. Ohio Hazardous Waste Facility Approval Bd.*, 28 Ohio St.3d 83, 86 (1986). "This presumption imposes upon an appellant the burden of proving his or her contention that a hearing examiner in a cause was biased, partial or prejudiced to such a degree that the hearing examiner's presence adversely affected the board's decision." *Althof v. Ohio State Bd. of Psychology*, 10th Dist. No. 05AP-1169, 2007-Ohio-1010, ¶ 35.

{¶ 12} Here, in essence, what appellants contend is that ODJFS was biased in its subsequent decisions because it had previously decided the matter when it advised GCCS. We disagree. Initially, appellants present no evidence to support any argument that the hearing examiner and the director failed to review the merits of the matter. Furthermore, ODJFS's advisement to GCCS was only with regard to what actions GCCS should take. ODJFS did not make any premature decision as to what its determination would be if the matter came before it later. Insofar as due process is concerned, the record is clear that appellants were able to fully and fairly litigate the matter and had the opportunity to present the facts. The record is devoid of any indication that ODJFS's advisement to GCCS had any impact of ODJFS's later review of the merits. Therefore, we find this argument without merit.

{¶ 13} Appellants also make the argument under this assignment of error that ODJFS erred when it found the objections to the director from the report and recommendation of the hearing examiner were untimely. Ohio Adm.Code 5101:6-50-09(B)(1) provides that service of the hearing examiner's report and recommendation must

be made to both the appellant and the appellant's attorney. However, Ohio Adm.Code 5101:6-50-09(B)(2) provides that any objections to the hearing examiner's report "must be received no later than ten days after the appellant receives the report." Here, appellants were served via certified mail on December 13, 2014, while counsel was not served until December 15, 2014. Pursuant to Ohio Adm.Code 5101:6-50-09(B)(2), appellants had ten days from the date of service to themselves to file objections; thus, they were required to file objections by December 23, 2014. They did not file objections until December 26, 2014.

{¶ 14} Appellants contend that where service is required on a party as well as on counsel, as Ohio Adm.Code 5101:6-50-09(B)(1) requires, logic demands that service on appellants is not complete until service on counsel is made. Appellants assert that any other interpretation could lead to absurd results. We disagree. The issue of service here is not one of interpretation, as appellants suggest. Instead, the Ohio Administrative Code clearly and explicitly indicates that the deadline to file objections begins to run on service to the appellants. Although appellants present an equitable argument as to why this is unfair, they support it with no case law or other authority. Given the clear mandates of Ohio Adm.Code 5101:6-50-09(B)(2), we cannot say the ODJFS director erred in finding that appellants' objections to the hearing examiner's report and recommendation were untimely.

{¶ 15} Appellants also argue that even if their objections were untimely, the director still had a duty to review the hearing examiner's report and recommendation. In this regard, appellants argue that a de minimus violation should not give rise to the forfeiture of a valued certification, given the following facts: they had a 40-year financial and emotional investment in service to children; Daniel's violation was only a fourth-degree misdemeanor; appellants self-reported; and Daniel's conviction was not a disqualifying factor if it had been reported. The director indicated in the adjudication order that she had reviewed the record in the matter and approved and adopted the hearing examiner's report and recommendation. The director found that the findings in the report and recommendation constituted a legal basis for revocation of appellants' foster care certification. There is no dispute that appellants violated Ohio Adm.Code 5101:2-7-14(H), and we are without authority to modify ODJFS's penalty of revocation.

Neither the court of common pleas nor this court may modify the penalty imposed if the penalty was authorized by law, once it is determined that ODJFS's order was supported by reliable, probative, and substantial evidence. *See Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), paragraphs two and three of the syllabus. Given our above findings, we conclude the common pleas court did not abuse its discretion, and its decision was in accord with the law on all legal issues. Therefore, appellants' first assignment of error is overruled.

{¶ 16} Appellants argue in their second assignment of error that the trial court erred when it overruled their motion to vacate the order of the director when the agency reinterpreted the requirements and reinstated appellants' certification subsequent to its adjudication order. Appellants contend that ODJFS eventually recertified appellants as a foster care provider on May 29, 2015, following the usual procedure for recertification. Appellants point out they are still not in compliance with the rule that caused the revocation in the present case, yet the agency has now apparently waived the violation and reissued a certification.

{¶ 17} However, we find ODJFS's subsequent recertification is a separate matter and irrelevant to the determination in the present case. The only issue before this court is whether the trial court abused its discretion when it found ODJFS's current order was supported by reliable, probative, and substantial evidence and in accordance with the law. Furthermore, as ODJFS points out, evidence of a subsequent recertification is not "newly discovered" evidence, as permitted by R.C. 119.12(K), but newly created evidence that was created after ODJFS's adjudication. For these reasons, appellants' arguments are without merit, and their second assignment of error is overruled.

{¶ 18} Accordingly, appellants' two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____